### WESTERN UNION TELEGRAPH CO. v. LOUISVILLE & N. R. CO.

#### (District Court, N. D. Georgia, N. D. December 6, 1919.)

#### No. 67.

EQUITY ☞264—MOTION TO STRIKE PART OF ANSWER.

Motion to strike out parts of a defendant's answer denied on the ground that the matters alleged raised relevant issues on which defendant was entitled to a hearing.

In Equity. Suit by the Western Union Telegraph Company against the Louisville & Nashville Railroad Company. On motion to strike out parts of answer. Denied.

See, also, 243 Fed. 687.

Brewster, Howell & Heyman, of Atlanta, Ga., and W. L. Clay, of Savannah, Ga., for plaintiff.

Tye, Peoples & Tye, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This is a motion to strike a portion of the answer of the Louisville & Nashville Railroad Company in this case, by which portion of its answer the defendant seeks to set up certain acts and doings on the part of the plaintiff by which it is estopped from claiming title to that portion of the telegraph lines conveyed to it by the Atlanta, Knoxville & Northern Railway on February 9, 1898, so far as it claims rights under said deed; also certain proceedings in the state courts of Georgia in and by which the plaintiff acknowledged that its rights were such as acquired under the contract of July, 1884; also that while its condemnation proceedings were pending in the state courts of Georgia the plaintiff filed in the United States Circuit Court for the Western District of Kentucky (now District Court) a bill against defendant, in which it set up said condemnation proceedings, and on them as a basis obtained an injunction against defendant, on which it obtained a restraining order, and afterwards a temporary injunction, which has been continued of force at plaintiff's instance and request until the present time, restraining and enjoining defendant from dispossessing plaintiff from occupying the lines of defendant in Georgia, and had kept the injunction of force, though the condemnation proceedings more than four years ago were discontinued by plaintiff.

Argument has now been had on this motion to strike a portion of the defendant's answer, and both parties have filed full briefs with the court on the question. The same question was before the court on a motion to strike certain portions of the plaintiff's amended bill; the paragraphs which the defendant moved to strike being paragraphs

which were filed anticipatory of defendant filing the very defense which it now has in its bill before the court, and which plaintiff seeks to strike. I overruled a motion to strike that portion of the plaintiff's amendment which was anticipatory of the defendant's defense, and having allowed the plaintiff's pleadings to stand, as I have done, I think it would be wrong now to strike the answer of the defendant, which sets up the same matter exactly as the plaintiff was allowed to anticipate. In other words, without determining at all the merits of the defense, except to say that it does set up matters on which it ought to be heard as to what its rights are, I hold, further, that the defendant is not precluded, in making this answer, by what has occurred before the court already as to the motion with reference to the plaintiff's pleadings or in any way in the case.

I have never considered or determined, I think, anything whatever in regard to the rights the plaintiff has under the deed from the Atlanta, Knoxville & Northern Railway of 1898, except to agree with the Circuit Court of Appeals, and abide by what it had determined about that deed, after its decision was made; that is, that the deed from the Atlanta, Knoxville & Northern Railway to the plaintiff was superior to, and not affected by, the contract made in 1884 between the parties. The matters now set up in the answer, and which plaintiff moves to strike, have not been determined at all, as I remember what has been heretofore passed on.

I do not think that that portion of defendant's answer which plaintiff moves to strike should now be stricken, because I do not think the defendant has ever been heard upon the question it now makes— that is, has not been heard squarely before this court. I do not say that this portion of its defense now in question is meritorious. I simply say that it does raise, by proper pleadings, a question on which it is entitled to be heard.

The motion to strike, therefore, is denied.